**The STATE, ex rel. KIDD,**

v.

**BOARD OF TRUSTEES OF the POLICE AND FIREMEN'S
DISABILITY AND PENSION FUND of Ohio.**

[Cite as *State, ex rel. Kidd, v. Bd. of Trustees of Police & Firemen's
Disability & Pension Fund* (1991), 66 Ohio App.3d 647.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–708.

Decided Sept. 24, 1991.

*Mary Jo Cusack,* for relator.

*Lee I. Fisher,* Attorney General, and *Cherry Lynne Poteet,* for respondent.

WHITESIDE, Judge.

Relator, Robert Kidd, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, the Board of Trustees of the Police and Firemen's Disability and Pension Fund of Ohio ("the Fund") to vacate its decision finding him partially disabled and to issue an order finding that, as of April 8, 1989, he is permanently and totally disabled.

Relator received his full-time appointment as a police officer on February 1, 1972, and was a patrolman for the city of Cuyahoga Falls. In June 1975, relator returned to school and received an associate degree in criminal justice. On June 11, 1976, relator first noticed a hearing loss; however, this hearing loss did not prevent relator from performing his duties as a police officer, and he continued his employment. On March 14, 1983, relator suffered a heart attack. On February 22, 1988, relator ruptured his bicep tendon while playing racquetball. Relator continued his employment as a police officer throughout these injuries.

On February 21, 1989, relator filed a disability retirement application with the Fund. In his application, he listed as disabling conditions: coronary artery disease; acute myocardial infarction; hearing loss-sensorineural and ruptured bicep tendon. With his application, relator submitted a report from Dr. Howard Pinsky, Dr. Steven Kutnick and Dr. Alfred Narraway. Pursuant to the Fund's procedures, relator was then examined by three independent physicians: Dr. Trilok Sharma, Dr. William Saunders and Dr. Asikin Mentari.

On April 8, 1989, after responding to a call of robbery, relator was taken to the hospital as a result of coronary problems and was admitted to the intensive care unit. Relator was hospitalized for four days with angina pectoris. On April 17, 1989, relator wrote the Fund's board and indicated that he had not returned to work following the April 8, 1989 incident and that this resulted in a change of status on his application for disability benefits.

On April 26, 1989, relator was informed that the Board of Trustees of the Fund had granted him maximum partial disability retirement pursuant to R.C. 742.37(C)(3) and (4). Relator appealed this decision, and the appeal was heard on October 25, 1989. In addition to the previous doctors' reports, relator submitted reports of Dr. Michael Kelly, Dr. Beal Lowe and an additional report from Dr. Alfred Narraway. By letter dated October 25, 1989, relator was informed that " * * * [t]he Board of Trustees, after a careful review of the medical evidence, decided not to change its original grant."

On June 15, 1990, relator filed this action in mandamus alleging that the Fund's board abused its discretion in determining he was partially, and not totally, disabled. Although relator has filed an original action, he asserts the

following "assignments of error," which, of course, at most merely raise issues to be discussed since this is an original action in mandamus, rather than an appeal:

"Assignment of Error Number One:

"The Police and Firemen's Disability and Pension Fund and its trustees erred and abused its discretion in failing to state a basis for its original finding of partial disability and its continued finding of partial disability.

"Assignment of Error Number Two:

"The Police and Firemen's Disability and Pension Fund and its trustees erred and abused its discretion in considering medical reports which did not take into consideration relator's total physical disability.

"Assignment of Error Number Three:

"The Police and Firemen's Disability and Pension Fund and its trustees erred in basing its October 25, 1989 decision on reports done prior to April 8, 1989, at a time when relator continued to be employed and prior to his last coronary attack.

"Assignment of Error Number Four:

"The Police and Firemen's Disability and Pension Fund and its trustees erred and abused its discretion in failing to find relator permanently and totally disabled as a result of injuries sustained in the course of his employment as a police officer."

Relator's assignments of error are related and will be considered together. In these assignments of error, relator asserts that the Fund abused its discretion in failing to find relator permanently and totally disabled, in failing to state a basis for its findings of partial disability, in taking into consideration medical reports done prior to his last injury, and in failing to take into consideration relator's total physical disability.

In order for a writ of mandamus to issue, the relator must demonstrate that he has a clear legal right to the relief prayed for, that respondents are under a clear legal duty to perform the acts, and that relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. A writ of mandamus will issue only where the board has violated a clear legal duty. *State, ex rel. Marshall, v. Keller* (1968), 15 Ohio St.2d 203, 44 O.O.2d 184, 239 N.E.2d 85. In addition, it is well established that a reviewing court may not substitute its judgment for that of an administrative board. *State, ex rel. Brunson, v. Bedner* (1971), 28 Ohio App.2d 63, 57 O.O.2d 124, 274 N.E.2d 565.

Respondent asserts that the Fund's board considered relator's entire file, including the information he submitted concerning the April 8, 1989 hospital-

ization, and relied on the reports of Drs. Sharma, Mentari and Saunders, as well as relator's training experience and accomplishments, in determining that relator was partially disabled. While this may be the case, the board's April 26, 1989 letter to relator states:

"BOARD ACTION: By action of the Board of Trustees, you have been granted maximum partial disability retirement pursuant to Division (C)(3)(4) of Section 742.37 of the Ohio Revised Code."

This decision does not give any indication whatsoever that the Fund's board considered relator's entire file, nor which doctor's reports it relied on in rendering its decision. Further, there is no mention that the Fund's board considered relator's age, training, experience and accomplishments and other nonmedical factors in determining that he was only partially disabled.

In *State, ex rel. Mitchell, v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, the court directed the Industrial Commission, the district hearing officers and the regional boards of review that they must specifically state which evidence has been relied upon to reach their conclusion and must state a brief explanation stating why the claimant is or is not entitled to the benefits requested. The court stated, at 484, 6 OBR at 534, 453 N.E.2d at 725, that:

" * * * [A] decision * * * which specifically sets forth the basis for the decision will enable this court, as well as the Court of Appeals for Franklin County, to readily discern the specific grounds relied upon and whether the record supports such a finding when a party to the proceeding initiates an action for a writ of mandamus. * * * "

In *State, ex rel. Noll, v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, the court held that, in each of its orders granting or denying benefits to a claimant, the Industrial Commission must specifically state what evidence has been relied upon and briefly explain the reasons behind its decision. The court stated that it should be readily apparent from the four corners of its decision that there is some evidence supporting the Industrial Commission's order.

This court finds that, although these two holdings apply to the Industrial Commission, their principles are equally applicable to the decisions of the Fund's board. The issues upon which the Fund's board and the Industrial Commission determine the right of an individual to receive benefits and the extent to which the benefits will be given are similar and the standard of review of their decisions on review in mandamus are the same: an abuse of discretion. Thus, a meaningful review of the board's decisions can be accomplished only if the board prepares orders which specifically state the evidence that has been relied on and contain the reasoning explaining its decision.

Accordingly, the Fund's board is required to state both the reasons for its decision and the evidence relied upon and to give an explanation of the reasoning behind its decision.

Further, in *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1990), 49 Ohio St.3d 224, 551 N.E.2d 989, the court stated that partial disability, as used for purposes of the fund, implies that a person may be able to perform other gainful employment notwithstanding the person's inability to return to a former position as a fire fighter or a police officer. In determining whether a person is partially or totally disabled, the board must determine whether the person can now be gainfully employed in an occupation for which he or she is reasonably fitted by training, experience and accomplishments, provided that the person need not be absolutely helpless to qualify for total disability. See R.C. 742.01(F) and (G). Thus, in order to determine that a relator is not totally disabled within the meaning of R.C. 742.01(F), there must be some evidence in the record that the gainful occupation that relator can now engage in, after his disability, is an occupation for which he is reasonably fitted by way of training, experience and accomplishments. In making this determination, the board cannot rely on general statements made by doctors either in written reports or in preprinted forms supplied by the board which state that a member can engage in some type of gainful occupation. The board must state how it considered the nonmedical factors, including the member's training, experience and accomplishments in determining whether he can engage in other gainful employment. See *State, ex rel. Stephenson, v. Indus. Comm* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946.

In this case, Drs. Pinsky, Sharma, Saunders and Mentari determined that relator's disability was partial and that performance of any other gainful occupation would depend on the occupation in question. Drs. Kutnick, Narraway, Lowe and Kelly determined that relator was totally disabled, meaning an inability to perform the duties of any gainful occupation for which relator was reasonably fitted by training, experience, and accomplishments. Of these eight doctors, only Drs. Lowe and Kelly specifically addressed relator's medical problems and their relation to his training, experience, and accomplishments and relator's possible gainful employment. A third doctor, Dr. Saunders, stated that, based on relator's work as a police officer riding in a cruiser and needing to hear better than he obviously could, he felt relator was handicapped and deserved serious consideration for retirement. Regardless, the board did not indicate that it relied on any of these doctor's opinions in reaching its decision and, further, in violation of *Kinsey,* failed to state that it considered relator's training, experience and accomplishments in determining that he was able to engage in other gainful employment.

Because the Fund's board did not follow the mandate of *Kinsey* and because it did not specifically state what evidence had been relied on and explain the reasons for its decision, this court finds that relator's contentions are well taken. Consequently, this court is granting a limited writ of mandamus ordering respondent to issue an order in compliance with the rule of *Mitchell, Noll* and *Kinsey.*

There are a number of motions in this case pending before this court which must be addressed. The motion for this court to order that the file of the Fund be stipulated as the evidence in this case and the motion for an extension of time for relator to file his brief are both moot, inasmuch as the parties agreed to stipulate the file of the Fund as the evidence and relator has filed his brief. In addition, relator did not need an extension to file his brief because he could have gotten the evidence or information needed to write his brief from the Fund since the information is a public record. Relator's motion for summary judgment based solely on the notice of the deposition is not well taken and is rendered moot by the foregoing opinion from this court. There are genuine issues of material fact in dispute in this case because the Fund did not state with specificity the evidence or the doctors it relied on in making its decision and, therefore, this court is unable to determine if the Fund abused its discretion in determining that relator was entitled to partial disability benefits. Respondent has filed a motion to compel discovery and a motion for sanctions for relator's failure to appear at a deposition on February 15, 1991. Relator has filed a motion for protective order because he received the notice of the deposition after the time which the deposition had been scheduled. Relator has also filed a motion for attorney fees for the time he spent resolving the deposition issue. Inasmuch as discovery has been completed, the parties have resolved to stipulate the Fund's file as the evidence in this case, and the case has been submitted to this court, all of these motions are overruled.

For the foregoing reasons, all of the motions pending in this case are overruled, and relator is granted a limited writ of mandamus, ordering respondent Board of Trustees of the Police and Firemen's Pension Fund of Ohio to vacate its order finding relator to be only partially disabled, and to issue a new order determining the extent of relator's disability, indicating consideration of nonmedical factors, the evidence relied upon and the reasoning for its decision.

*Motions overruled.*
*Limited writ of mandamus granted.*

BOWMAN, P.J., and PETREE, J., concur.