ON MOTIONS
On March 5, 1998, this court entered a judgment ordering respondent, the Board of Trustees of the Police and Firemen's Disability and Pension Fund of Ohio ("PFDPF"), to vacate its order that denied relator Robert B. Preston, Jr.'s request for an increase in the percentage of permanent partial disability compensation, and to issue a new order, granting or denying such increase in compensation, that met the requirements ofState ex rel. Kidd v. Bd. of Trustees of Police Firemen'sDisability Pension Fund (1991), 66 Ohio App.3d 647. Thirteen months later, the order has yet to be issued by PFDPF. Relator has filed a motion requesting this court to find PFDPF in contempt for failure to comply with this court's March 3, 1998 decision and March 5, 1998 judgment entry and for attorney fees.
Attached to relator's motion is correspondence from his attorney, Timothy Delaney ("Delaney"), to PFDPF dated June 8, 1998 and July 30, 1998, requesting a hearing date or notice of action taken by PFDPF. Respondent failed to answer these requests for information until September 11, 1998, when Mary Spencer, Processing Supervisor for PFDPF, wrote relator's attorney, giving recognition to this court's decision rendered six months earlier and setting forth the PFDPF procedure to be followed. Spencer stated that relator was to undergo a new medical examination by an occupational medical specialist, that the medical report would be sent for an updated vocational assessment and copies would be sent to Delaney. Relator would then have an opportunity to submit any further evidence and a hearing would be scheduled.
By letter dated September 24, 1998, Delaney declined to follow PFDPF's procedure and requested the board to make a decision based on information submitted at the time of relator's 1996 request for an increase in percentage of permanent partial disability compensation. Delaney stated in his letter that this court ordered PFDPF to explain its decision rendered in February 1997, and further stated that:
 * * * My concern in that the Fund, by reexamining my client, having another Mark Anderson report and another hearing, still will avoid the issue of explaining the basis and the guidelines for their decision. * * *
Having received no response, in January 1999, Delaney again wrote to Spencer stating his intent to file a motion requesting that PFDPF be held in contempt unless the matter was resolved. When a resolution of this matter failed to occur as respondent failed to respond to Delaney's letter, relator filed the present motion for contempt in March 1998.
PFDPF states it has not refused to follow this court's order. PFDPF states that, since relator's original appeal in 1997, it has changed its informal method of evaluating disability claims to a more formal process now known as the Disability Evaluation Panel ("DEP") and the process by which relator's appeal was heard is no longer in existence. Respondent further argues that it was attempting to comply with H.B. No. 648, that became effective September 1998, which required PFDPF to promulgate administrative rules for management of its retirement fund. Last, the board asserts it hears an average of twenty-five new cases and three appeals each month.
Civ.R. 70 provides in part:
 If a judgment directs a party * * * to perform any other specific act, and the party fails to comply within the time specified, * * * [t]he court may also in proper cases adjudge the party in contempt. * * *
We are unpersuaded by respondent's explanations for its year-long delay in carrying out this court's mandate. In the affidavit of Diane Lease, General Counsel for PFDPF, she states:
 * * * Though the DEP was fully implemented in January, 1998, the Board has continued to make improvements in the documentation since that time.
Although respondent candidly admits its new procedure was in place two months before this court's decision was rendered, it argues it was still making changes in its procedures and was unable to hear relator's appeal following remand. To accept this explanation would allow respondent to delay indefinitely. Respondent seeks to cast blame on relator for failing to comply with PFDPF's new process for evaluating claims. Relator was not required to do so. The board was only required to review the evidence before it in February 1997, when the PFDPF order in this matter was issued, and to issue a new order explaining its decision citing the evidence already in its possession in support of that decision. If the evidence presented in February 1997 was insufficient to support an increase in permanent partial disability compensation, then relator would not be successful. If the evidence is sufficient to support such an increase in compensation, the board must issue an order granting such an increase.
Respondent further seeks to excuse its failure to comply with this court's order because of its necessity to draft rules to meet the requirements of H.B. No. 648; however, H.B. No. 648 did not become effective until September 1998, six months after this court's decision and relator would not be subject to a retroactive application of the newly promulgated rules. Again, respondent offers no explanation as to why relator's appeal could not have been decided within the six months preceding the enactment of H.B. No. 648.
Respondent also seeks to excuse its failure to comply with this court's order based on its average docket of twenty-five new cases and three appeals per month. This is clearly not an overwhelming number of cases to be heard on a monthly basis nor does it explain why relator's case could not have been placed on its docket over one year ago and heard as one of the fewer than thirty cases decided by the board each month.
Respondent has simply chosen to give priority to its own internal management procedures and problems, and to ignore this court's order. Respondent has failed to present any adequate explanation as to why it has been unable to determine relator's appeal following a remand by this court thirteen months ago.
Therefore, we find respondent, the Board of Trustees of the Police and Firemen's Disability and Pension Fund, to be in contempt of this court's judgment rendered March 5, 1998. Respondent may purge itself of contempt by holding a hearing and issuing an order within sixty days of this court's judgment. Relator's motion for attorney fees is sustained, reasonable fees to be awarded upon presentation of an appropriate affidavit.
Motions granted.
KENNEDY and BRYANT, JJ., concur.