MEMORANDUM DECISION
On August 8, 1997, relator, Frank Daniel, Jr., filed this original action in order to obtain a writ of mandamus compelling respondent, Police Firemen's Disability and Pension Fund, to vacate its decision finding relator thirty percent disabled, and to enter a new order finding relator not less than forty-two percent disabled.
Findings of Fact:
 1. During the course and scope of his employment as a police officer, relator suffered three work-related injuries.
 2. On January 1, 1984, relator tore a ligament in his left ankle. Relator's first claim was allowed for "Torn ligament in the left ankle."
 3. On June 13, 1985, relator injured his left knee. Relator's second claim was allowed for "Torn medial collateral ligament left knee, chondromalacia of the medial femoral condyle, left knee; sprain left ankle."
 4. On August 8, 1990, relator injured his left shoulder. Relator's third claim was allowed for "Contusion of the left shoulder and rotator cuff strain; neuropathy of the left arm."
 5. On May 16, 1996, relator filed an application for disability retirement with respondent setting forth four disabling conditions: (1) "torn medial ligament," (2) "chondromalacia knee," (3) "sprain ankle," and (4) "hip pain to knee." In support of his application, relator submitted a report from his attending physician, E. J. Kauffman, D.O., who opined that relator was "permanently incapacitated" from performing the job functions of a police officer.
 6. After submitting his application for disability retirement benefits, relator was examined at respondent's request by James Rutherford, M.D., an orthopedic surgeon, and Edmond J. Goold, M.D., a psychiatrist. Both Dr. Rutherford and Dr. Goold concluded that relator was unable to perform the duties of a police officer.
 7. On October 30, 1996, respondent notified relator that it had awarded relator a thirty percent partial disability benefit stating:
 By action of the Board of Trustees, you have been granted partial disability retirement pursuant to Division (C)(3) of Section 742.37 of the Ohio Revised Code. ***
 In reaching its decision, the Board relied upon the entire record which includes your personal history file, the medical evidence obtained in conjunction with your application for disability benefits. Based upon the medical evidence, and considering your training, experience and accomplishments, the Board finds that your are capable of engaging in other gainful employment.
 8. On November 22, 1996, relator appealed respondent's October 1996 benefit determination and submitted a new report from Dr. Renneker, who opined that relator was entitled to a forty-two percent disability benefit.
 9. After receiving relator's appeal, respondent referred relator to respondent's vocational expert, Alfred Walker, who found that relator was capable of sustaining some light or sedentary remunerative employment.
 10. On July 29, 1997, respondent denied relator's application for reconsideration referring to its previous decision without further elaboration.
 11. On August 8, 1997, relator filed this mandamus action, which is now before the court upon a stipulated record.
Conclusions of Law:
 Under Ohio law, "[m]andamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. In order to obtain a writ of mandamus, a relator must demonstrate: (1) that he or she has a clear legal right to the relief requested; (2) the respondent has a clear legal duty to grant the relief requested; and (3) that he or she has no adequate remedy at law by which to vindicate the claimed right. State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125, citing State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29, certiorari denied (1983), 464 U.S. 1017.
This court has previously determined that respondent Police Firemen's Disability and Pension Fund is held to the same legal standard as the Industrial Commission of Ohio. State exrel. Kidd v. Bd. of Trustees of Police Firemen's Disability Pension Fund (1991), 66 Ohio App.3d 647. In that regard, the Ohio Supreme Court has time and again stated that mandamus is the appropriate means by which to compel respondent to specify the basis of its decisions. In State ex rel. Mitchell v. Robbins Myers, Inc. (1983), 6 Ohio St.3d 481, the Supreme Court stated:
 *** [W]e will, when necessary, henceforth grant a writ of mandamus directing the commission to specify the basis of its decision. *** In other words, district hearing officers, as well as regional boards of review and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested. Moreover, this court will no longer search the commission's file for "some evidence" to support an order of the commission not otherwise specified as a basis for its decision. [Id. at 483-484.]
As set forth above, respondent is required to delineate what evidence has been relied upon and explain the reasons underlying its decision. Additionally, when making a disability determination pursuant to R.C. Chapter 742, et seq., respondent must also set forth how it considered the nonmedical factors, including the applicant's training, experience and accomplishments in determining whether he or she is capable of engaging in other gainful employment. State ex rel. Stephenson v. Indus. Comm.
(1987), 31 Ohio St.3d 167.
In this case, respondent's "boilerplate" notification fails to comply with the requirements of State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203, and Stephenson, supra. Respondent's decision fails to specifically delineate what evidence it found to be persuasive and upon which it relied. Additionally, respondent failed to set forth any analysis of the evidence before it, nor did it attempt to explain the reasons underlying its benefits determination. Finally, respondent failed to include any discussion or analysis of the nonmedical factors required by Stephenson, supra.
Conclusion:
 In light of the foregoing findings of fact and conclusions of law, this court hereby grants relator's request for a writ of mandamus directing respondent to vacate its decision, and to enter a new decision which complies with this decision and applicable law.
 Writ granted.
BROWN and TYACK, JJ., concur.