564

THE STATE OF OHIO, APPELLEE, *v.* WEISSMAN, APPELLANT.

[Cite as State v. Weissman (1982), 69 Ohio St. 2d 564.]

(No. 81-49—Decided March 3, 1982.)

Mr. John T. Corrigan, prosecuting attorney, and Mr. Jack H. Hudson, for appellee.

Messrs. Schulman & Schulman and Mr. Howard A. Schulman, for appellant.

Per Curiam. After reviewing the record, we conclude that there is insufficient evidence of the intent necessary for the commission of this crime.

R. C. 2909.04, in part, provides:

"(A) No person, purposely by any means, or knowingly by damaging or tampering with any property, shall do any of the following:

"(1) Interrupt or impair television, radio, telephone, telegraph, or other mass communications service, or police, fire, or other public service communications, or radar, loran, radio, or other electronic aids to air or marine navigation or communications, or amateur or citizens band radio communications being used for public service or emergency communications;"

There were no facts or circumstances which would have put defendant on notice that the phone was being used by a radio station. There were no identification marks on the equipment. Live broadcasts were rare. Juniewicz had not told

defendant of WERE's use of the phone. No evidence was presented that defendant was familiar with this use of the phone. There was no evidence that defendant knew DeMarino prior to this incident. When DeMarino did abruptly and rudely approach the defendant, he did not identify himself or his position with WERE. The state also failed to produce evidence indicating that the defendant could have known that the apparatus attached to the "blue phone" was being used by a radio station or that it was being operated by an employee of WERE. The state failed to produce sufficient evidence that defendant knowingly or purposely acted to interrupt or impair WERE's broadcast. The defendant should have been acquitted.

Because of the existence of other grounds for reversal, the court will not pass on the constitutionality of the statute. *Washington Court House* v. *McStowe* (1976), 45 Ohio St. 2d 228, 230; *Bedford Hts.* v. *Tallarico* (1971), 25 Ohio St. 2d 211, 212; *Greenhills Home Owners Corp.* v. *Greenhills* (1966), 5 Ohio St. 2d 207, paragraph one of the syllabus; *Strongsville* v. *McPhee* (1944), 142 Ohio St. 534, paragraph three of the syllabus; and *Rucker* v. *State* (1928), 119 Ohio St. 189, paragraph one of the syllabus.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and STRAUSBAUGH, JJ., concur.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for KRUPANSKY, J.