KINSEY, APPELLANT, *v.* BOARD OF TRUSTEES OF THE POLICE AND FIREMEN'S DISABILITY AND PENSION FUND OF OHIO, APPELLEE.

[Cite as Kinsey *v.* Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio (1990), 49 Ohio St. 3d 224.]

(No. 88-1599—Submitted October 24, 1989—Decided March 14, 1990.)

*Stewart R. Jaffy & Associates Co., L.P.A.,* and *Stewart R. Jaffy,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Cherry Lynne Poteet,* for appellee.

ALICE ROBIE RESNICK, J. At the outset we will address the constitutional issue raised by appellant. It is well-established that where a case can be resolved upon other grounds the constitutional question will not be determined. This case can be resolved on the "some evidence" rule and, therefore, we find it is unnecessary to reach the constitutional issue of whether appellant was denied due process of law by not receiving notice and an opportunity to be heard at the reconsideration determination. *State, ex rel. Hofstetter,* v. *Kronk* (1969), 20 Ohio St. 2d 117, 119, 49 O.O. 2d 440, 441, 254 N.E. 2d 15, 17. See, also, *Hardy* v. *VerMeulen* (1987), 32 Ohio St. 3d 45, 51, 512 N.E. 2d 626, 632 (Wright, J., dissenting); *State* v. *Weissman* (1982), 69 Ohio St. 2d 564, 566, 23 O.O. 3d 477, 479, 433 N.E. 2d 216, 217; *Greenhills Home Owners Corp.* v. *Greenhills* (1966), 5 Ohio St. 2d 207, 34 O.O. 2d 420, 215 N.E. 2d 403, paragraph one of the syllabus; *Rucker* v. *State* (1928), 119 Ohio St. 189, 162 N.E. 802, paragraph one of the syllabus.

We will now proceed to a consideration of whether mandamus is appropriate. For a court to grant a writ of mandamus, the relator must establish "(1) a clear legal right to the relief prayed for, (2) a clear legal duty upon respondent to perform the act requested, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." *State, ex rel. Consolidated Rail Corp.,* v. *Gorman* (1982), 70 Ohio St. 2d 274, 275, 24 O.O. 3d 362, 436 N.E. 2d 1357, 1358. A clear legal right exists where the board abuses its discretion by entering an order which is not supported by "some evidence." We must, therefore, determine whether there is "some evidence" to support the award of maximum partial disability retirement and denial of permanent and total disability retirement.

The parties agree that Kinsey is permanently disabled as to his former position of fire fighter. The record contains evidence that if appellant returned to work as a fire fighter, there is a significant chance that he would suffer a second heart attack.

The dispute, however, arises as to whether Kinsey is totally disabled. "Total disability" is defined as the "* * * inability to perform the duties of any gainful occupation for which the member of the fund is reasonably fitted by training, experience, and accomplishments; provided, that absolute helplessness is not a prerequisite of total disability." R.C. 742.01(F). "Partial disability," although not statutorily defined, is referred to in forms supplied to physicians by the board. These forms ask the physician to designate whether the applicant is "totally" or "partially" disabled. The statement corresponding to "partial disability" reads:

"The applicant is permanently incapacitated for performance of duty as a (fire fighter) * * *. His/her disability is 'partial' and performance of any

other gainful occupation would depend upon the occupation in question."

The statement for total disability incorporates R.C. 742.01(F), asking the physician to determine that:

"The applicant is permanently incapacitated for performance of duty as a (fire fighter) * * *. His/her disability is 'total' meaning an inability to perform the duties of any gainful occupation for which the applicant is reasonably fitted by training, experience, and accomplishments; provided that absolute helplessness is not a prerequisite to total disability."

Thus, partial disability, as used for purposes of the Fund, implies that a person may be able to perform other gainful employment, notwithstanding an inability to return to a former position as fire fighter.

Accordingly, in determining whether a person is partially or totally disabled, the board must determine whether the person can now be gainfully employed in an occupation for which he or she is reasonably fitted by training, experience, and accomplishments, provided that the person need not be absolutely helpless to qualify for total disability.

Appellee contends that there is "some evidence" to support the board's determination that Kinsey is not totally disabled. Dr. David K. Scheer, in his September 1985 report, stated that "Mr. Kinsey is permanently incapacitated for performance of duty as a firefighter. His disability is 'partial' and performance of any other gainful occupation would depend on the occupation in question."

Dr. Scheer, on August 9, 1986, agreed with the statement provided in the board's form that "[t]he applicant is permanently incapacitated for performance of duty as a (fire fighter) * * *. His * * * disability is 'partial' and performance of any other gainful occupation would depend upon the occupation in question."

In August 1986, Dr. Eric Goulder wrote in his report that Kinsey "should be considered permanently incapacitated as a firefighter, I think that on the basis of this examination he would be able to perform other gainful occupation[;] however again this would depend upon the occupation in question, I would think the occupations involving relatively high levels of physical exertion would not be appropriate for this individual and that any future work should be limited to occupations involving mostly sedentary activities."

Dr. M. J. Tejura, appellant's attending physician, however, on July 9, 1985, agreed with the statement provided in the form supplied by the board that "[t]he applicant is permanently incapacitated for performance of duty as (fire fighter) * * *. His * * * disability is 'total' meaning an inability to perform the duties of any gainful occupation for which the applicant is reasonably fitted by training, experience, and accomplishments; provided that absolute helplessness is not a prerequisite of total disability." In both his July 12 and November 15, 1985 letters, Dr. Tejura stated that Kinsey is "totally disabled" as far as his occupation as a fire fighter is concerned. Dr. Tejura also considered Kinsey "unable to perform any other activity that would be physically or mentally strenuous."

Dr. William J. Rowe, in a December 1985 report, advised that Kinsey is "permanently * * * unable to return to his previous occupation."

Where "some evidence" is found to support the board's decision, the extraordinary writ of mandamus will not be issued to interfere with or control the board's exercise of discretion. See *State, ex rel. Rouch,* v. *Eagle Tool & Machine Co.* (1986), 26 Ohio St. 3d 197,

200, 26 OBR 289, 292, 498 N.E. 2d 464, 467.

In the case before us, however, we can not say that the record contains "some evidence" to support the board's determination that Kinsey is not "totally disabled" as defined in R.C. 742.01(F).

R.C. 742.01(F) specifically states that a member need not be absolutely helpless in order to qualify for total disability. It also requires that the gainful occupations available to the claimant are those that are reasonably suitable to the claimant because of his training, experience, and accomplishments. Thus, determining that appellant is qualified to do some kind of work, such as sedentary or nonstressful work, does not necessarily mean that he is not totally disabled for purposes of the Fund. Instead, in order to determine that appellant is not "totally disabled" within the meaning of R.C. 742.01(F), there must be "some evidence" in the record that the gainful occupation he can now engage in, after his disability, is an occupation for which he is reasonably fitted by way of training, experience, and accomplishments.

Upon review of Dr. Scheer's and Dr. Goulder's reports, we find that neither doctor specifically took into consideration appellant's "training, experience, and accomplishments" in determining that Kinsey was partially, and not totally, disabled. Dr. Scheer in his September 5, 1985 and August 23, 1986 reports included an "occupational history" of appellant. However, these histories are merely lists of past jobs. Dr. Scheer did not determine that Kinsey's former jobs, for example, as bakery truck driver, assembly line worker, or seal and pipefitter, are occupations he now can perform after suffering from a heart attack.

Dr. Goulder's report recommends that appellant avoid occupations "involving relatively high levels of physical exertion" and that future jobs should be limited to "occupations involving mostly sedentary activities." Although Dr. Goulder states the general kinds of jobs Kinsey can now perform, again there is no determination concerning whether appellant's training, experience, and accomplishments correspond to his current occupational abilities.

We recognize that medical doctors are not career counselors. However, in determining whether Kinsey is totally disabled, the board can not rely on general statements made by doctors either in written reports or in preprinted forms supplied by the board which state that a member can engage in "some" type of gainful occupation. The board must state that it considered the member's training, experience, and accomplishments in determining whether he can engage in other gainful employment.

However, a lack of some evidence to support the board's finding that appellant is partially disabled does not necessarily mean there is some evidence to support a finding that he is totally disabled. As stated in *State, ex rel. Lampkins,* v. *Dayton Malleable* (1989), 45 Ohio St. 3d 14, 16-17, 542 N.E. 2d 1105, 1108, "* * * a lack of evidence supporting a denial of * * * benefits cannot automatically translate into some evidence supporting an award of such benefits." This court cannot substitute its judgment for that of the board, which has much discretion in these matters. See *State, ex rel. Brunson,* v. *Bedner* (1971), 28 Ohio App. 2d 63, 57 O.O. 2d 124, 274 N.E. 2d 565.

Thus, we must remand this cause to the board for the board to specifically state that Kinsey's training, experience and accomplishments were

considered in determining whether he can engage in gainful employment.

*Judgment reversed and cause remanded.*

SWEENEY, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., and HOLMES, J., concur in judgment.

HOLMES, J., concurring in judgment. The board of trustees did not abuse its discretion in not finding relator to be permanently and totally disabled. The evidence is clear that relator is no longer able to be a fire fighter; however, I believe it also clear that there is ample evidence to support the board's conclusion that relator can perform other jobs. Dr. Scheer, twice, and Dr. Goulder, once, found relator to be only partially disabled, and in view of relator's work experience, the board properly determined him to be capable of engaging in any number of less strenuous occupations, as these physicians suggest. Therefore, the relator is not entitled to a writ of mandamus. However, I shall concur in the judgment of the majority here and agree to a remand which will allow the board to clarify its prior determination.

MOYER, C.J., concurs in the foregoing opinion.