KINSEY

v.

**BOARD OF TRUSTEES OF POLICE AND FIREMEN'S DISABILITY AND PENSION FUND OF OHIO.**

[Cite as *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1991), 76 Ohio App.3d 763.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1394.

Decided Dec. 31, 1991.

*Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for relator.

*Lee Fisher,* Attorney General, *Lorraine Nestor* and *Cherry Lynne Poteet,* Assistant Attorneys General, for respondent.

BOWMAN, Presiding Judge.

Relator, Jerry Kinsey, was a fire fighter in Toledo, Ohio, for seventeen years. After Kinsey suffered a myocardial infarction on March 31, 1985, he applied to respondent, the Board of Trustees of the Police and Firemen's Disability and Pension Fund of Ohio ("board"), requesting permanent total retirement disability benefits.

On September 25, 1985, the board granted Kinsey maximum partial retirement disability benefits pursuant to R.C. 742.37(C)(3) and (4). Kinsey appealed the board's decision and, on December 18, 1985, the board determined that the disability retirement granted Kinsey was to remain the same.

On February 22, 1986, Kinsey filed for reconsideration of the board's decision based on the fact that, on his original application, the attending physician stated that Kinsey was totally disabled. Kinsey asserted that he met all of the requirements for total disability as outlined in R.C. 742.01(F), since the only training, experience and accomplishments that he had were

those of a professional fire fighter and a school bus driver. Because of his myocardial infarction, Kinsey could not perform the duties of a fire fighter and state law forbids heart patients from driving school buses.

On June 30, 1986, Kinsey filed a post-retirement disability application. Kinsey was then re-examined by two board-appointed physicians. Dr. Scheer determined that Kinsey was permanently incapacitated from performance of duties as a fire fighter, that his disability was partial and that performance of any other gainful occupation would depend upon the occupation in question. Dr. Goulder found that Kinsey was unable to perform the duties of a fire fighter, but that he was still able to engage in other types of gainful employment.

On September 24, 1986, the board reconsidered Kinsey's disability retirement award and decided to make no change in the disability grant.

On December 29, 1986, Kinsey filed an original action in mandamus in this court challenging his disability grant. In *Kinsey v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund of Ohio* (June 28, 1988), Franklin App. No. 86AP-1168, unreported, 1988 WL 70465, this court denied Kinsey's application for a writ of mandamus. Kinsey appealed this decision to the Ohio Supreme Court, which reversed and remanded this case to the board so that the board could specifically state that Kinsey's training, experience and accomplishments were considered in determining whether he can engage in gainful employment. See *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1990), 49 Ohio St.3d 224, 551 N.E.2d 989.

On May 23, 1990, the board reconsidered Kinsey's benefit award and, based upon the medical evidence presented, as well as Kinsey's training, experience and accomplishments, the board changed the disability benefits paid to Kinsey from maximum partial (presumptive) under R.C. 742.37(C)(3) and (4), to permanent and total (presumptive) under R.C. 742.37(C)(2) and (4), effective October 1986. Kinsey requested that his permanent total compensation begin as of September 25, 1985; however, the board, through counsel, took the position that Kinsey's appeal to the Supreme Court had only involved the reconsideration decision in 1986 and, as a result, his permanent total compensation would start based on the date of the reconsideration decision.

On December 14, 1990, Kinsey filed this original action in mandamus, seeking an order from this court directing the board to pay him permanent and total disability benefits from September 25, 1985 forward.

To be entitled to a writ of mandamus, Kinsey must show that he has a clear legal right to the relief requested, that the board has a clear legal duty to perform the requested act and that Kinsey has no adequate remedy at law.

*State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

The disability benefits procedure is outlined in Ohio Adm.Code 742–3–05 as it was in effect on the date Kinsey made his application for benefits. Ohio Adm.Code 742-3-05(A) governs the initial application and states that once all the necessary medical reports and records have been received, the board will consider the application and make an initial determination of the disability. The board may grant a disability benefit, deny a disability benefit, or postpone determination pending additional examination or the submission of additional facts. The applicant will then be advised of the board's actions and shall be advised of his right to accept the benefit grant, waive the benefit and continue working, or appeal the initial determination of the board.

After Kinsey filed his initial application, the board granted him an initial disability benefit of maximum partial disability, which Kinsey appealed pursuant to Ohio Adm.Code 742–3–05(A)(3)(c).

Ohio Adm.Code 742–3–05(B) governs the appeal of the initial determination and provides that any member aggrieved by an action of the board with respect to his or her application for disability retirement must file a written notice of appeal within sixty days of the receipt of the board's decision and, within sixty days of the filing of the notice of appeal, the member must submit all materials in support of the appeal. Once the board receives the supporting materials, it shall schedule a hearing on the appeal and give the appellant reasonable notice of the date, time and place. Following the hearing on appeal, the board may choose to affirm the original determination of disability, modify the original determination of disability or postpone a decision pending additional examinations or documentation. Ohio Adm.Code 742–3–05(B)(4)(c) provides that the board's decision on appeal shall be the final determination of the initial disability application. The applicant is to be advised of the board's action and shall also be given the right to accept the benefit grant, waive the benefit and continue working, or request a reconsideration under Ohio Adm.Code 742–3–05(C) if an award of partial disability is granted.

In this case, Kinsey appealed the initial determination to the board which, following a hearing, affirmed the original determination of disability. Although this decision is to be the final determination of the initial disability application, pursuant to Ohio Adm.Code 742–3–05(B)(4)(c), Kinsey was also advised that he had the right to request a reconsideration of this decision. See Ohio Adm.Code 742–3–05(B)(5)(c). Pursuant to this section, Kinsey filed a request for reconsideration.

Ohio Adm.Code 742–3–05(C) provides for post-retirement disability reconsideration. On reconsideration, the board is to review the evidence submitted and may decide to deny the application for reconsideration, approve the application and modify the disability benefit effective the first of the month following the decision, or postpone a determination of the application pending further examination or further documentation. The board's decision shall be the final determination of an application for reconsideration. The member is then to be advised of the board's action and is to be notified of the member's right to request a new reconsideration; however, the board will only consider one application for reconsideration from a member in a calendar year.

Kinsey filed a request for reconsideration under Ohio Adm.Code 742–3–05(C) and, following a review of the evidence submitted, the board denied his application for reconsideration. This decision by the board was its final determination of Kinsey's application for reconsideration. See Ohio Adm. Code 742–3–05(C)(2)(c). Kinsey was notified of this decision and, since he had exhausted all of the appeal remedies provided in Ohio Adm.Code 742–3–05, he filed a complaint in mandamus in this court.

Our decision on Kinsey's complaint was ultimately appealed to the Supreme Court which held that, in determining whether a person is partially or totally disabled, the board must determine whether the person can now be gainfully employed in an occupation for which he or she is reasonably fitted by training, experience and accomplishments, provided that the person need not be absolutely helpless to qualify for total disability. The court stated that in the case before it, it could not say that the record contained some evidence to support the board's determination that Kinsey was not totally disabled as defined in R.C. 742.01(F). The court then stated that neither Dr. Scheer's nor Dr. Goulder's reports specifically took into consideration Kinsey's training, experience and accomplishments in determining that Kinsey was partially, and not totally, disabled. The case was then remanded to the board so that it could specifically state that Kinsey's training, experience and accomplishments were considered in determining whether he could engage in gainful employment. *Kinsey, supra.*

This court finds that the Supreme Court's remand to the board goes to the very heart of the board's decision on Kinsey's initial application for disability benefits. At the very outset, when the board made its determination on Kinsey's initial application, that he was to receive maximum partial disability benefits and not total disability benefits, the board did not take into consideration Kinsey's training, experience and accomplishments. Thus, when the Supreme Court directed the board to take into consideration these factors, its remand was directed back to Kinsey's initial application. The board's conten-

tion that Kinsey's court action was a challenge to its decision on his application for reconsideration and that he waived any right he had to challenge the board's decision on his initial application and appeal has no merit. Kinsey properly followed every procedure outlined in Ohio Adm.Code 742–3–05 from the filing of his initial application, to the appeal of the initial determination, to the request for reconsideration. At no time during this entire procedure did Kinsey not challenge the board's decision to grant him partial, instead of total, disability benefits.

Accordingly, this court finds that Kinsey is entitled to a writ of mandamus and a writ of mandamus is issued ordering the board to pay relator permanent and total disability benefits beginning September 25, 1985.

*Writ granted.*

WHITESIDE and McCORMAC, JJ., concur.