**McAULIFFE, Appellant,**

v.

**BOARD OF PUBLIC EMPLOYEES RETIREMENT SYSTEM OF OHIO, Appellee.**

[Cite as *McAuliffe v. Bd. of Pub. Emp. Retirement Sys. of Ohio* (1994), 93 Ohio App.3d 353.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–1071.

Decided March 1, 1994.

354

James L. Keller, for appellant.

Lee Fisher, Attorney General, and Christopher B. McNeil, Assistant Attorney General, for appellee.

PETREE, Judge.

Appellant, Don S. McAuliffe, appeals from the Franklin County Court of Common Pleas, where the trial court granted summary judgment to appellee, Board of Public Employees Retirement System of Ohio, in this action for mandamus and declaratory relief. The court thus rejected appellant's claim that he was entitled to Public Employee Retirement System ("PERS") state pension benefits for the years he worked as a village solicitor or law director for the communities of Pickerington and Baltimore. The court concluded that he did not serve as an eligible "public employee" in that capacity as defined by R.C. 145.01. On appeal from this ruling, appellant presents four assignments of error, which state:

"I. The court erred in allowing vested rights [to] be taken away by the arbitrary actions of a governmental agency.

"II. The court erred in not granting McAuliffe's request for a writ of mandamus because mandamus is an appropriate action to prevent the arbitrary termination of an employee's vested rights to PERS benefits.

"III. The trial court failed to recognize that an exception to the general rule that estoppel does not apply against a state agency exists where an individual relies upon a written document from the state, and the detrimental reliance continued for an extended period of time.

"IV. The trial court misapplied the standards for granting a summary judgment, to wit: A summary judgment shall not be rendered unless it appears from the properly submitted evidence that reasonable minds can come to but one

conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Since April 1975, appellant served under contract as a non-elected Solicitor of Law or Law Director for Pickerington, Ohio. Since February 1985, he served in a similar capacity for the village of Baltimore, Ohio. In September 1989, he received correspondence from James Finney, Supervisor of Membership Determination at PERS, indicating that, since appellant had worked pursuant to local ordinance and not pursuant to personal service contracts, appellant's work as a non-elected village solicitor or law director rendered him a "public employee" under R.C. 145.01 and subjected him to compulsory membership in PERS. Because of this letter, appellant decreased his Social Security contributions and instead had part of his salary paid into PERS for a state pension.

However, after further investigation of the matter and correspondence with Pickerington and Baltimore officials in 1992, Supervisor Finney wrote back to appellant to reverse PERS's prior position, indicating that appellant's provision of legal services for Pickerington and Baltimore was as an independent contractor that was not subject to PERS membership. Consequently, appellant requested that the board itself consider his eligibility. Accordingly, PERS Executive Director Richard E. Shumacher wrote back to appellant and indicated that the board had upheld the determination that appellant served as an ineligible independent contractor for Pickerington and Baltimore after April 1, 1977. Thus, the board concluded that appellant was unable to contribute to PERS or claim eligibility for benefits after 1977.

As a result, appellant filed the instant action in the Franklin County Court of Common Pleas seeking mandamus or declaratory relief. There, appellant claimed that he had acquired a vested right to PERS benefits and that the board was estopped from switching its prior position to now deny him eligibility. In the course of proceedings, the parties submitted documentary evidence and moved for summary judgment. Considering these dispositive motions, the trial court held that the board did not abuse its discretion in finding that appellant did not serve as a "public employee" under R.C. 145.01, as there was some evidence to support that determination. The court further ruled that estoppel was inapplicable, because the board itself has the discretion to make membership determinations and its membership section's letter was based on incomplete information. In the final analysis, the trial court held that this court's opinion in *Sandhu v. Pub. Emp. Retirement Sys.* (Oct. 9, 1980) Franklin App. No. 80AP–333, unreported, was controlling.

Appellant's first, second and fourth assignments of error contend that since he has a statutory right to PERS benefits by virtue of his service as a village

solicitor or law director, summary judgment should not have been granted for respondent.

Preliminarily, we note that summary judgment should be granted where there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the non-moving party. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. The party seeking summary judgment bears the initial responsibility of identifying those elements of the opponent's case which raise no genuine issues of material fact and upon which the moving party is entitled to judgment as a matter of law. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Once the moving party satisfies this burden, the party opposing the motion has an affirmative duty to produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (*Celotex Corp. v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, approved and followed). When reviewing a summary judgment, we apply the same standard as that employed by the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Construing the evidence most strongly in favor of the non-moving party, summary judgment will be granted where that party fails to make a showing sufficient to establish the existence of an element essential to that party's case and upon which it will bear the burden of production at trial. *Celotex, supra,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. A clear legal right exists in the present context when the board abuses its discretion by entering an order that is not supported by some evidence. *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1990), 49 Ohio St.3d 224, 225, 551 N.E.2d 989, 991.

## I. Village Solicitor as Public Employee

Appellant's argument is that as a village solicitor he was entitled to PERS benefits by statute. The parties do not dispute that when appellant was employed as a village solicitor for Pickerington in 1975, R.C. 145.03(A) provided PERS benefits for government workers employed on a contract basis. But then

Am.Sub.H.B. No. 268 was passed in 1976 to change that. This statute was amended to provide in pertinent part:

"A public employees retirement system is hereby created for the employees of the state and of the several local authorities mentioned in section 145.01 of the Revised Code. Membership in the system is compulsory upon being employed * * *.

" * * * Any employee who is, or who becomes a member shall continue the membership as long as he is a public employee, even though he may be in or transferred to an exempted class or group.

"*A public employee, as defined in division (A) of section 145.01 of the Revised Code, who* * * * *is employed on a contractual basis by such an employer, or who is employed under* a personal service contract, does not become a member of the system." (Emphasis added.)

We note that R.C. 145.01(A) defines "public employee" as follows:

"(1) *Any person holding an office, not elective, under the state or* any county, municipal corporation, park district, conservancy district, sanitary district, health district, township, metropolitan housing authority, state retirement board, Ohio historical society, public library, county law library, union cemetery, joint hospital, institutional commissary, state university, or board, bureau, commission, council, committee, authority, or administrative body as the same are, or have been, *created by action of the general assembly or by the legislative authority of any of the units of local government named in this division,* or employed and paid in whole or in part by the state or any of the authorities named in this division in any capacity not covered by section 742.01, 3307.01, 3309.01, or 5505.01 of the Revised Code.

" * * *

"*In all cases of doubt, the public employees retirement board shall determine whether any person is a public employee, and its decision is final.*" (Emphasis added.)

This statute further defines "public employer" as follows:

"(D) 'Employer' or *'public employer' means the state or any* county, municipal corporation, park district, conservancy district, sanitary district, health district, township, metropolitan housing authority, state retirement board, Ohio historical society, public library, county law library, union cemetery, joint hospital, institutional commissary, state medical college, state university, or board, bureau, commission, council, committee, *authority,* or administrative body as the same are, or have been, *created by action of the general assembly or by the legislative authority of any of the units of local government named in this division* not

covered by section 3307.01 or 3309.01 of the Revised Code. In addition, 'employer' means the employer of any public employee." (Emphasis added.)

At the outset, we note that appellant admits that he served as a non-elected village solicitor or law director under R.C. 733.48. He thus served not by statutory mandate but instead at the discretion of the legislative authority of the village, which contracted with him to serve as its legal counsel.

Further, as conceded by appellant's brief, the facts in the record show that appellant served under yearly contracts at a flat per-month fee,[1] starting in the village of Pickerington in April 1976. Then, in August of that same year, Am.Sub.H.B. No. 268 was enacted into law to prohibit independent contractors from claiming PERS membership. Thereafter, Ohio Adm.Code 145-5-15 was promulgated to interpret the personal service contract rule of Am.Sub.H.B. No. 268. Appellant continued to serve in Pickerington after this change in the law on a year-to-year basis when he began in February 1985 as Solicitor or Law Director for the village of Baltimore under yearly contracts for a flat per-month fee.

In May 1988, Pickerington applied to have appellant become a member of PERS. In March of the following year, Baltimore sought to exclude him from membership. This brought the September 1989 letter from James Finney mandating appellant's membership in PERS for his service in these communities. Appellant wrote back to PERS in September 1991 regarding his past membership rights, which prompted further PERS scrutiny. In January 1992, PERS sent letters to both communities inquiring about appellant's status as an independent contractor. Both communities sent responses to the PERS informational requests in January and February of that year and then in August PERS determined that appellant served as an independent contractor. Appellant points out that in the same month PERS amended Ohio Adm.Code 145-5-15 to actually define what it considers an "independent contractor" to be.

Appellant maintains that, under R.C. 145.03(A), he "became" a public employee in 1975 by virtue of his employment with Pickerington and that his membership "shall continue" after that, regardless of any amendment to R.C. 145.03 in 1975. He maintains that though contractual employees were excluded from membership from PERS in 1976 by Am.Sub.H.B. No. 268, he was essentially "grandfathered" in by virtue of the fact that he previously became a public employee in 1975.

In support of this argument, appellant cites the board's 1976 interpretation of R.C. 145.03 contained in Ohio Adm.Code 145-5-15, which states in pertinent part:

---

1. Appellant's contracts typically also provided for an hourly fee for litigation responsibilities.

"If there is a break in public service for the contractual employee; and if he enters into a personal service contract after August 20, 1976, then no PERS deductions should be made under the new contract.

"Sec. 145.03, as amended effective August 20 bars persons under personal service contract; therefore no contributions can be accepted for persons whose contract was originated or renewed * * * on, or after August 20, 1976."

Though appellant cites the fact that he continually served as a village solicitor or law director with no "break in public service" under the first portion of the rule, he cannot overcome the last part of the rule. It is abundantly clear that he served under a personal service contract which was "renewed on, or after August 20, 1976," and thus is ineligible for PERS contribution under the rule. Though one could make the argument that his contract was extended by yearly ordinance, it is only reasonable to conclude that such origination or renewal of his personal service contract came within the purview of the board's rule. Hence, this rule bars any claim to PERS membership for any of his post–1977 contracts, as the board determined.

■ While appellant asserts on appeal that the rule is in conflict with the statute, he did not raise this issue in the common pleas court. And, even if he had, we should pay due deference to a reasonable construction by an administrative agency interpreting its own rule. *State ex rel. Palmer v. State Teachers Retirement Bd.* (1993), 90 Ohio App.3d 497, 629 N.E.2d 1377. We find the board's rule is not in conflict with the statute.

Appellant's claim that he was entitled to PERS benefits by statute is therefore not well taken. Hence, his first, second and fourth assignments of error are not well taken.

## II. Estoppel Against Government

Appellant's third assignment of error presents the argument that the trial court should have applied either common-law or statutory estoppel. We disagree.

In *Summit Villa Care Ctr., Inc. v. Ohio Dept. of Health* (1992), 81 Ohio App.3d 761, 765, 612 N.É.2d 377, 380, this court recognized that:

"As a general rule, principles of equitable estoppel do not apply against the state or its agencies in the exercise of governmental functions. *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 555 N.E.2d 630; *Chevalier v. Brown* (1985), 17 Ohio St.3d 61, 17 OBR 64, 477 N.E.2d 623; *Westerville v. Kuehnert* (1988), 50 Ohio App.3d 77, 553 N.E.2d 1085."

Notwithstanding, we further noted that:

"An essential element of any estoppel claim is reliance. *Frantz, supra,* 51 Ohio St.3d at 145, 555 N.E.2d at 632–633; *Heckler v. Community Health Serv.* (1984), 467 U.S. 51, 59, 104 S.Ct. 2218, 2223–2224, 81 L.Ed.2d 42, 51–52." *Id.* at 766, 612 N.E.2d at 381.

That is, the party asserting estoppel must be able to establish a change of position and substantial detriment suffered on account of the actions of the opposing party.

■ Here, appellant cannot make any legitimate claim that he relied on the actions of PERS. The board's interpretive rule clearly set forth that he was not eligible for PERS benefits because his contract had been renewed after the 1976 amendment to R.C. 145.03. Appellant could not claim ignorance of this administrative rule and instead rely on the erroneous interpretation of his membership status by James Finney, who only reviewed the local ordinances and did not have complete information about appellant's work for Pickerington and Baltimore.

Though common-law estoppel does not apply here, appellant nonetheless asserts that statutory estoppel should mandate his membership in PERS. On this score, he relies on Judge Whiteside's dissenting opinion in *Sandhu, supra. Sandhu* involved a psychiatrist who sought retirement benefits for service with a county health department. After the health department certified his employment, PERS notified him that contributions were never paid by the county agency but that he could receive $273 per month in such benefits if the back contributions were paid. So, he paid the back contributions, which amounted to about $2,700, and began receiving benefits. However, pursuant to R.C. 145.51, PERS attempted to collect the $2,700 from the county health department, which now disclaimed liability. After investigation, PERS refunded the money paid by the psychiatrist and greatly reduced his monthly benefits because it determined that he was not entitled to such benefits. The psychiatrist contested this determination in court, but the common pleas court found that he was not a "public employee" in any event.

The majority opinion in *Sandhu* construed the psychiatrist's assignment of error on appeal as presenting only the issue of whether estoppel would create a right to state pension benefits. The majority held that this doctrine could not be applied because PERS merely granted benefits based on the employer's untested certification and also because the psychiatrist could not demonstrate detrimental reliance because the money he paid into PERS was returned to him.

In contrast, Judge Whiteside's dissenting opinion in *Sandhu* found that, under R.C. 145.03, the determinations of benefits by PERS are "final," and under R.C.

145.561,[2] a grant of a retirement allowance cannot be retracted. He wrote:

"[B]y virtue of R.C. 145.01 and 145.561, it can be argued that there is an exception to the general principle that estoppel does not apply to governmental agencies. Once the Public Employees Retirement Board makes a determination of covered employment, its determination is final. Once it fixes a retirement allowance predicated upon such determination, the recipient of such allowance has a vested right to receive the amount so fixed as the retirement allowance by the Public Employees Retirement Board. In reliance upon the determination of the Public Employees Retirement Board, plaintiff made a substantial payment in the amount requested. It is not necessary directly to rely upon the doctrine of estoppel, even though its principles be applicable under the circumstances and statutory provisions herein involved, because R.C. 145.561 is dispositive of the issue. Once the Public Employees Retirement Board grants a retirement allowance at a fixed rate, the recipient has a vested right to receive the retirement allowance at the rate so fixed. There is no provision permitting the Public Employees Retirement Board to reduce the amount it has fixed as the retirement allowance for a recipient merely because the former employer of the recipient belatedly contends that a portion of the period of service was not covered employment despite the Board's previous determination that it was covered employment in reliance upon communications received from such employer or its predecessor."

Appellant's reliance on *Sandhu* is misplaced. As the majority opinion illustrates, a preliminary determination by PERS employees that was based on erroneous or incomplete information submitted by third parties is not binding in all circumstances. Further, though Judge Whiteside's approach to the statute has merit, it is not applicable here in any event, for in *Sandhu* a fixed retirement allowance had actually been granted and thus the retirement interest became vested. On the contrary, in the present case all that was done was that the PERS membership section notified appellant and the communities involved about a finding of eligibility. Under Ohio Adm.Code 145–1–08, the board has authorized "its staff to make determinations required under Chapter 145 of the Revised Code, including, but not limited to, membership * * *." Nevertheless,

---

2. This statute provides:

"The granting of the retirement allowance, annuity, pension, or other benefit to any person pursuant to action of the public employees retirement board vests a right in such person, so long as he remains the recipient of any benefit of the funds established by section 145.23 of the Revised Code, to receive such retirement allowance, annuity, pension, or other benefit at the rate fixed at the time of granting such retirement allowance, annuity, pension, or other benefit. Such right shall also be vested with equal effect in the recipient of a grant heretofore made from any of the funds named in section 145.23 of the Revised Code."

appellant cannot cite any rule or case stating that the staff can grant allowances that bind the board, as appellant contends here.

Accordingly, appellant's third assignment of error is not well taken.

For the foregoing reasons, appellant's assignments of error are overruled. Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and CLOSE, JJ., concur.