Being unable to agree with the majority opinion, I respectfully dissent.
I find that the trial court did not err in dismissing the complaint due to plaintiff's failure to comply with R.C.2969.25(C)(1). With his complaint, plaintiff filed an affidavit seeking waiver of the prepayment of the full filing fees assessed by the court and an affidavit of indigency. The affidavit listed the sources and amount of plaintiff's income and the amount in his prison account as of the date the complaint was filed. However, the affidavit did not include a certified statement from the prison cashier setting forth the balances in plaintiff's account for each of the preceding six months as required by R.C. 2969.25(C)(1). Plaintiff argues that "automatic dismissal * * * for temporary non-compliance with R.C. 2969.25(C)(1) is nowhere mandated in Ohio law or rule of court[.]" He also contends that his tardy payment of the filing fees automatically rendered moot the requirement that he file the statement required by R.C. 2969.25(C)(1). I disagree.
R.C. 2969.25(C)(1) explicitly states than an inmate who files a civil action against a government entity or employee and seeks a waiver of the prepayment of filing fees assessed by the court in which the action is filed must file with the complaint
an affidavit of waiver and an affidavit of indigency containing a certified statement from the institutional cashier setting forth the balance in the inmate account of the inmate for each of the six months preceding the filing of the complaint. At the time he filed his complaint, plaintiff sought waiver of the prepayment of filing fees. Accordingly, he was required to file the statement required by R.C. 2969.25(C)(1). Contrary to plaintiff's assertion, his subsequent payment of the filing fee in January 1998 does not operate to relieve him of statutory requirements with which he had a duty to comply at the time he filed the complaint in October 1997. Because plaintiff failed to comply with the mandatory provisions of R.C. 2969.25(C)(1), dismissal was proper. Alford v. Winters (1997), 80 Ohio St.3d 285,286.
In addition, I find no merit to plaintiff's contention that he was entitled to a hearing, pursuant to R.C. 2969.24(C), prior to the trial court's dismissal of his complaint. R.C.2969.24(C) states that "If a party files a motion requesting the dismissal of a civil action or appeal under division (A) ofthis section, the court shall hold a hearing on the motion." (Emphasis added.) R.C. 2969.24 addresses only motions to dismiss filed by reason of an inmate filing either a false affidavit or a frivolous or malicious action. In the instant case, defendant's motion to dismiss did not assert either that plaintiff filed a false affidavit or that his action was frivolous or malicious. Thus, the hearing requirement set forth in R.C. 2969.24(C) does not apply to defendant's motion to dismiss. Moreover, R.C. 2969.24(E) states that "[d]ivisions (A) to (D) of this section do not limit the authority of the court in which the civil action or appeal is filed to otherwise dismiss the civil action or appeal." The second assignment of error is not well-taken.
By his first assignment of error, plaintiff raises a challenge to the constitutionality of R.C. 5120.50. It is well-settled that "where a case can be resolved upon other grounds the constitutional question will not be determined."Kinsey v. Bd. of Trustees of Police Firemen's Disability Pension Fund of Ohio (1990), 49 Ohio St.3d 224, 225. Having determined that the trial court did not err in dismissing plaintiff's complaint based on his failure to comply with the mandatory requirements of R.C. 2969.25(C), I need not address the issues raised in plaintiff's first assignment of error, as they are moot. App.R. 12(A).
For the foregoing reasons, I would overrule plaintiff's second assignment of error, rendering plaintiff's first assignment of error moot, and affirm the judgment of the trial court.